## WELLES v. FOWLER.

Where a justice of the peace takes a confession for a debt of
£20 he cannot render judgment for more cost than his own fee,
unless it be upon an antecedent process, all which must appear
of record.

ERROR from the judgment of a justice of the peace. The
judgment was entered up in these words:— " Hartford
county, ss. East Windsor, October 16th, 1786 — Be it re-
membered, that Daniel Welles, of said East Windsor, with
Israel Fowler, of Coventry, in the county of Tolland, on
this day personally appeared before me, William Wolcott,
Esq. justice of the peace for said Hartford county; and
the said Daniel agreed with said Israel, and gave a judg-
ment in the sum of £20 lawful money, due on two notes
that he had given him, dated the 11th day of Septem-
ber, 1786, with nine shillings and six pence cost; and entry
thereof was then made on record, and execution granted the
same day."

The exception taken to this judgment, was, That it doth
not appear how or in what manner said judgment was ob-
tained, whether by confession or default; and that it appears
not to be within the jurisdiction or cognizance of a justice
of the peace, there being no antecedent process to form it
upon; and without such process, the justice could not ren-
der judgment for a greater sum in cost than his own fee.

The judgment was affirmed, as to the debt, and reversed,
as to the cost.

By the COURT. The statute allowing confessions to be
taken for debt, is expressed in these words — " That any one
assistant, or justice of the peace, shall have full power, and
they are hereby authorized and empowered, to take and
accept a confession and acknowledgment of any debt, from
a debtor to his creditor, either upon or without antecedent

process, as the parties shall agree; which confession shall be made only by the person of the debtor himself:    And on such confession so made, the assistant or justice shall make a record thereof, and thereon grant out execution in due form of law.    Provided, no confession shall be made or taken in manner aforesaid, for more than the value of £20 debt, and the cost of taking such confession, or which may have arisen on an antecedent suit for such debt, the same being agreed to by debtor and creditor."— By this statute, the justice had authority to take a confession, and enter judgment thereon for a debt, not exceeding £20 — but he is not authorized to give a judgment in such case for any more cost than his own fee, for taking such confession, unless it arose on an antecedent process, which ought to appear by the record.    In this case, it does not appear by the record of the justice, that there had been an antecedent process, and therefore, the judgment for cost is not warranted by law; and the debt and cost being distinct matters, the judgment is reversed as to the cost only.

Note.— Judge Ellsworth gave no opinion in this case.